Exhibit A

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | |
| | | |
| CHANTAL HILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Summons |
| vs. | ) | (JURY TRIAL REQUESTED) |
| | ) | |
| TRIDENT TECHICAL COLLEGE, and | ) | |
| VERONICA POLITE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action a copy of which is hereby served upon you, and to serve a copy of your Answer to the Complaint on the subscriber at his office at 4000 Faber Place Drive, Suite 300, North Charleston, SC 29405 within thirty (30) days after the service thereof, exclusive of the day of service.  If you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

Respectfully Submitted,


s/Bonnie Travaglio Hunt
Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
Attorney for the Plaintiff
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com


November 21, 2024

1

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

STATE OF SOUTH CAROLINA )       IN THE COURT OF COMMON PLEAS
                        )
COUNTY OF CHARLESTON    )


CHANTAL HILTON,         )
                       )
         Plaintiff,    )
                       )              COMPLAINT
vs.                    )        (JURY TRIAL REQUESTED)
                       )
TRIDENT TECHICAL COLLEGE, and )
VERONICA POLITE,       )
                       )
         Defendant.    )
_____ )

## COMPLAINT AND JURY DEMAND

The Plaintiff, Chantal Hilton, by and through her attorney, Bonnie Travaglio Hunt of Hunt Law, L.L.C., hereby files the Plaintiff's Complaint against the Defendants, Trident Technical College and Veronica Polite, as follows:

## NATURE OF THE ACTION

1.     This action is brought by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964 of the United States.

2.     This action is brought by the Plaintiff pursuant to 42 U.S.C. Section 1981 of the United States.

3.     The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

4.     During the Plaintiff's employment she suffered severe and/or pervasive harassment at the hands of other employees.

2

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

5.    This action is brought pursuant to Federal Law of the United States and the laws of South Carolina.

**PARTIES**

6.    The Plaintiff is an individual who resided in the State of South Carolina at all times relevant to this action.

7.    At all relevant times to the allegation in this complaint, the Plaintiff was an employee of the Defendant, Trident Technical College, in South Carolina.

8.    At all times, relevant to the allegations in this complaint, the Plaintiff was employed at a facility operated by the Defendant, Trident Technical College, in the State of South Carolina.

9.    On information and belief, Defendant, Trident Technical College, is an entity conducting business and affecting commerce in the state of South Carolina properly within the jurisdiction of the Court.

10.   At all times, relevant to the allegations in this Complaint, the Defendant employed more than 20 persons in the State of South Carolina.

11.   At all relevant times, Veronica Polite, was a resident of the State of South Carolina.

12.   At all times, relevant to the allegations in this Complaint, the Defendant operated at several facilities in the State of South Carolina.

**JURISDICTION AND VENUE**

13.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter presents a federal question.

14.   Jurisdiction of this cause arises under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. Section 2000e-2(a) and Section 2000e-3(a), as amended by the Civil Rights Act

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

of 1991 (CRA Section 91), 42 U.S.C. Section 1981A *et seq.* and the Age Discrimination

in Employment Act of 1974 (ADEA), 29 U.S.C. Section 626 *et seq.*

15. This Court further has jurisdiction in that the amount in controversy exceeds the jurisdiction of this Court according to proof at trial.

16. The Charleston Division is the proper venue for this action pursuant because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

## **Procedural Prerequisites**

17. The Plaintiff filed a charge of discrimination against the Defendant, Trident Technical College, with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination, age discrimination, hostile work environment, retaliatory hostile work environment, and retaliation.

18. The Plaintiff's first charge of discrimination was filed on July 18, 2024, and set forth the following:

I. *That I am a former employee of the Employer that was constructively discharged. I was hired by the Employer in September 2022 as a Call Center Manager/Communications Specialist III Information Specialist.*

II. *That I was treated differently based on my race and age. That I am a woman over the age of 40.*

III. *That I was harassed by an African American employee.*

IV. *That I reported the African American employees' actions.*

V. *That I was demoted for my report.*

VI. *That the African American Employee was not disciplined in any way.*

VII. *That African American Employees are permitted to commit acts that are terminable, but the college will not discipline or terminate them in the Call Center.*

VIII. *That my employers' reasons for demoting me were pretextual and retaliation in violation of Title VII*

IX. *That the employer further subjected me to a retaliatory hostile work environment for my complaints regarding race discrimination, differential treatment and retaliation.*

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

X.     *That the hostile work environment was severe and pervasive which led to my constructive discharge and wrongful termination.*

XI.    *That I have been discriminated against based on my race in violation of Title VII.*

XII.   *That I have been discriminated against based on my age in violation of State and Federal law. Other employees have not been disciplined, demoted, subjected to hostile work environment or constructively discharged.*

XIII.  *That I have been retaliated against in violation of Title VII Act for my previous complaints regarding discrimination, differential treatment and hostile work environment.*

19.    The EEOC confirmed receipt of the Charge of Discrimination on July 18, 2024.

20.    An amended charge was filed on August 19, 2024.

21.    On August 23, 2024, the EEOC requested a position statement from the Trident Technical College.

22.    The EEOC investigated the Plaintiff's charge of discrimination.

23.    The Defendant submitted a Position Statement to the EEOC regarding the Plaintiff's Charge of Discrimination on October 10, 2024.  The Position Statement contained several False Allegations and False Statements regarding the Plaintiff and her employment.

24.    That the Plaintiff received a right to sue from the U.S. Equal Employment Opportunity Commission on November 8, 2024.

25.    That the Right to Sue set forth the EEOC issues the following determination:

*DETERMINATION OF CHARGE*
*The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.*
*NOTICE OF YOUR RIGHT TO SUE*
*This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to*

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

*sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.) If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 415-2024-01872.*

26.    That fewer than ninety days have elapsed since the Plaintiff received the Right to Sue on the Plaintiff's charge of discrimination.

## **FACTUAL BACKGROUND**

27.    The Plaintiff was hired by the Defendant, Trident Technical College on the 13th of September 2022, as Call Center Manager/Communication Specialist III Information Specialist.

28.    The Plaintiff supervised employees as the Call Center Manager.

29.    As a manager, the Plaintiff was required to direct employees and counsel them regarding their actions, performance and behavior.  One employee in particular Veronica Polite an African American rebelled against the Plaintiff.  The Plaintiff attempted to counsel the Defendant, Veronica Polite regarding her tardiness, disruptions creating a hostile work environment and her threatening the Plaintiff.

30.    After counseling Veronia Polite the Plaintiff was again informed by Polite that the Plaintiff would lose her job because she was untouchable due to her friendships with Devetta Hughes, Kim Greene, and her brother's political affiliations with the College.

31.    The Defendant Veronica Polite would go over the head of the Plaintiff due to the Plaintiff requesting that Polite arrive at work on time and perform all aspects of her positions.  Polite refused and would go to the Plaintiff's supervisor Roukous to request special accommodation regarding performance of her position and tardiness.

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

32. Polite specifically informed the Plaintiff on several occasions that because of her power and authority with people of color there was nothing that the Plaintiff could do to her because she would always be treated more favorably because of her race.

33. On June 6, 2024, after being threatened by the Defendant, Veronica Polite again, the Plaintiff decided that she needed to file a formal complaint.

34. On June 7, 2024, the Plaintiff contacted the Title IX representative to file a Bullying complaint regarding Defendant Veronica Polite:

> *"Unfortunately, I am seeking immediate intervention from being "bullied" by a part-time staff member Veronica Polite which continues to threaten my employment status.*
> *"I am being forced to consulting an attorney while this person has made it abundantly clear she's very close to Devetta Hughes, Kim Greene, and has a brother Wendall Gillard who is a House of Representatives Officer, and she would get me fired.*
> *"Does Title IX cover this type of harassment and bullying?*
> *"Veronica has created a hostile work environment for me and other staff, she refuses to accept responsibility but would prefer to threaten my livelihood.*
> *"As call center manager just today, I made a concerted effort to address her habitual tardiness (which she denies), instead she would have me fabricate her timesheet, her public hostile outbursts towards me in front of witnesses must discontinue, and once again I was verbally attacked and threatened to lose my job.*
> *"I am unable to perform the duties I have been hired to perform without her manipulating the system and having others empower her to continue this toxic pattern.*
> *"I am unable to report directly to the Human Resources Director as she has repeatedly projected, "No one goes against her as she has clout with people who will protect her from losing her job."*
> *"I am unable to report directly to my director Kathleen Roukous as I am unsure how much control Veronica has over her, I have witnessed many times Kathleen has permitted her to break the rules of Trident Technical College, and all has to turn the other cheek.*
> *"I am alone in this battle; I have reported to Kathleen how hostile Veronica can be and vocalized her threats towards my employment status and Kathleen ignores it."*

35. On June 7, 2024, The Assistant Vice President, Evan Reich responded to the Plaintiff's email with the following:

*Hi Chantal,*

7

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

*I have reviewed your email, and I am sorry that you are having to experience this situation. Based on the information you have provided, it does not appear to be a Title IX scenario, though something that needs to be addressed. My normal protocol in a situation like this would be to reach out to the direct supervisor or Human Resources, but in this case, I hesitate since you mentioned your concern regarding Kathleen Roukous and the Director of Human Resources in the email to me. I did just speak with Dr. Wrighten, who is equally concerned, and will take it from here. I appreciate you notifying me of this situation.*

36.   On June 9, 2024, Karen Wrighten, Vice president for Student Engagement and Success, contacted the Plaintiff regarding her complaint of Bullying and informed her that she wanted to meet with her on June 10th at 9:00 am.

37.   At 9:19 am June 10, 2024, Jeffrey J. Wiseman, Esq. contacted the Plaintiff regarding her Bullying complaint and instructed her to have her attorney call.

38.   On June 10, 2024, the Plaintiff informed Wiseman, Hughes, Wrighten, Coveno, and Roukous that she wanted to proceed with a formal complaint for race discrimination because she was "white," being threatened and having a hostile environment created by a subordinate named Veronica Polite.

39.   On June 10, 2024, at 12:48 pm, Lisa P. Coveno, Human Resources Coordinator, sent the Plaintiff a TTC complaint form.

40.   The complaint form set forth:



**TRIDENT TECHNICAL COLLEGE**
**COMPLAINT FORM**
**(Please Print or Type)**

Name_____Phone No.

_____

When did the incident occur? Date(s) and time(s).
_____

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

Where did the incident occur?

_____

Who was involved?

_____

COMPLAINT: (Detailed description of complaint.  Use additional paper if needed)

41.  The Plaintiff responded that she would complete the form.

42.  On June 10, 2024, at 2:14pm, the Plaintiff contacted Coveno, Wiseman, Hughes, and

Wrighten with concerns regarding the formal complaint form stating:

> "*I would like to know in moving forward since I have had the fear of God placed on me, if I am at liberty to report directly to the individuals in this email, as some of what will be reported was directives from my immediate supervisor and unsure of the ramifications.*
> *I would like very much to talk freely of these events and what has been done illegally but I am a bit intimidated, and fear being triangulated.*
> *To be precise Kathleen overrides my authority to provide Veronica Polite privileges to telecommute at her discretion and would have me not put that on Veronica's timesheet, which enables Veronica to create such a hostile work environment for myself and other fulltime staff. I would not be surprised if Veronica's current timesheet has been submitted to HR without my signature because this is what directly influenced my initiating these procedures.*
> *As I indicated to Evan Reich last Friday, I made every effort to resolve Veronica's habitual tardiness, her not adhering to the contract, addressing her public humiliations in front of other staff which in turn creates a hostile work environment, and it must be corrected at which time she once again threatened my employment and demanded a meeting with Kathleen.*
> *As I told Veronica on last Wednesday there's been two witnesses to her hostile displays, she reiterates "Bring it on", so in conclusion I felt this needed to be reported to other officials as meeting with Kathleen would only hinder resolution.*"

43.  In response to this email DeVetta Williams Hughes, Associate Vice President for Human

Resources, informed the Plaintiff that Veronica Polite would not be on the unit until the

issues were sorted out.

44.  On June 12, 2024, the Plaintiff sent Hughes an email requesting certain information:

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

45.     On June 12, 2024, the Plaintiff met with EEOC/Affirmative Action Coordinator/Human Resources Director Devetta Hughes, VP Karen Wrighten, TTC General Counsel Jeffrey Wiseman, and HR Admin Asst Lisa Coveno.   During this meeting the Plaintiff's complaints were minimized, and she was subjected to a further severe and pervasive hostile work environment.   During the meeting the Plaintiff addressed the issues of Veronica Polite exploiting other staff by taking TTC property, using other staff during company time to achieve her brother's political projects specifically "Project Cool Breeze," TTC overlooking this hostile employee had her brother Wendell Gilliard speak to the Present of the College, Thornley to have her reinstated.   During the meeting Director Devetta Hughes acknowledged that "No one was supposed to know about that."   Further during the meeting, the Plaintiff was questioned how it could be discrimination since there were no "racial slurs."   The Plaintiff informed all of those present that she felt the meeting was a continuation of the hostile work environment.

46.     The plaintiff was further instructed that she was to submit Veronica Polite's time sheet when she did not work the hours.

47.     From June 18th to the 24th, the Plaintiff engaged in email correspondence with director Kathleen Roukous regarding the harassment/threats concerning hostile employees who had keys/keycard access to Room 358 and overall issues in her department caused by Polite. In response Roukous failed to acknowledge the Plaintiff's genuine requests and responsibilities about proper procedure and protocol.

48.     During this time, the Plaintiff was informed by Roukous that she needed to have a project completed by July 5th indicative of staging such work that any other person might step in

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

and actively take over my duties. The Plaintiff believed that she was to have this completed because she felt that she was going to be terminated from her employment.

49. The Plaintiff was further informed that it was not in the budget to hire another part-time operator, while it was preapproved to renew Veronica Polite's contract for the same fiscal year budget.

50. During this time, the plaintiff learned that Human Resources was failing to perform its duties of collecting keys and key cards from part-time workers. This was an ongoing issue that created safety hazards for employees.

51. The Plaintiff attempted to address this issue regarding HR, key cards and the threats that were being made against her by a part-time employee with no response.

52. The Plaintiff wanted to file a complaint with the College's safety regarding the threats and the key cards but realized that would not be possible without further retaliation because the Chief of Safety's wife was best friends with members of AKA which the EEOC/Affirmative Action Coordinator/Human Resources Director Devetta Hughes was also a member of.

53. Further during this time, the plaintiff realized that employees were reporting directly to Roukous regarding the actions of the Plaintiff. The Plaintiff believed that this further created a hostile work environment and complicated her position and ability to perform her position as she was being stalked by her own employees.

54. On June 25th, the Plaintiff was mandated to a meeting with EEOC/Affirmative Action Coordinator/Human Resources Director Devetta Hughes. During the meeting, the Plaintiff was informed that the Plaintiff better be careful what she was informing her attorney of and copying on all the emails as there would be repercussions. Hughes specifically stated

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

that Polite would get an attorney and sue the Plaintiff for defamation and during that process all the emails that the Plaintiff had drafted would be turned over to Polite's attorney. During that meeting Hughes informed the Plaintiff that she needed to stop being a "scaredy cat." The Plaintiff had only heard this statement from Veronica Polite. These actions by Hughes proved that she was in a conspiracy with Polite to subject the Plaintiff to a hostile work environment in retaliation for her complaints.\

55.    On June 27, 2024, the Plaintiff was mandated to attend a meeting in Human Resources by Karen Wrighten. The meeting was with Wrighten, Roukous, Hughes, Veronica Polite, and Mattern. During the meeting the Plaintiff was subjected to humiliation and informed that she was being demoted.

56.    On June 28, 2024, the Plaintiff submitted a complaint of Discrimination based on race, Retaliation based on previous complaints and retaliation to Jeffrey Wiseman.

57.    The Plaintiff took an optional holiday on July 1st. During the day the Plaintiff received several voicemails from Lisa Coveno demanding that she attend a meeting with EEOC/Human Resources Director Devetta Hughes first thing Tuesday morning.

58.    On July 1st, the Plaintiff was locked out of her employment accounts.

59.    On July 1st, the Plaintiff submitted a constructive discharge termination notice to the Defendant, Trident Technical College setting forth the reason for her resignation was the hostile work environment, discrimination and retaliation.

60.    On July 2, 2024, Security, Captain Lyons reported to the Plaintiff's residence to pick up the Plaintiff laptop, and keys and issue her a no trespass notice.

61.    The No Trespass notice harmed the Plaintiff considerably due to the fact that the Plaintiff was an alumni of the College and would no longer be allowed anywhere on any campus,

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

further her education if she so elected, or to participate in any alumni functions. The emotional toll of being discriminated against, banned from the campus and placed on a no trespass has been highly detrimental to the Plaintiff's mental health. The Defendant has further ostracized the Plaintiff from her College through the discrimination, hostile work environment and not the no trespass.

62. The Defendant's reasons for terminating the Plaintiff's access to Trident Technical Colleges software was pretextual.

63. The Defendant, TTC failed to protect the Plaintiff from discrimination.

64. The Defendant, TCC refused to conduct a proper investigation into the Plaintiff's complaints regarding Defendant, Polite.

65. The Plaintiff was retaliated against for her complaints.

66. The Plaintiff was aware that there were several other employees that were subjected to differential treatment based on their race-White.

67. That TTC allowed its African American employees to run rampant over Caucasian employees and failed to protect white employees due to the DEI Stance of the university. TTC created a hostile work environment for White workers by allowing African Americans to perpetrate a hostile work environment.

68. During the Plaintiff's employment, the Plaintiff suffered discrimination based on her race, age, retaliation for her complaints and hostile work environment in violation of the Defendants' policies and procedures and the law.

69. That each of the reasons provided by the Defendant for not fixing the Plaintiff's work environment was meant to harass the Plaintiff, harm the Plaintiff, and retaliate against the Plaintiff.

70. That Defendant wrongfully discriminated against the Plaintiff in violation of Title VII 42 U.S.C. 2000 and 42 U.S.C. 1981.

71. That each of the reasons presented by the Defendant was pretextual. The Defendant has published a false narrative regarding the Plaintiff's employment in order to perpetuate a discriminatory hostile work environment that has led to severe emotional distress.

72. The defendant's actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

73. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, reputation, and other intangible injuries for all of which she should be compensated.

74. That the Defendant is the direct and proximate cause of injury to the Plaintiff.

75. That the Plaintiff was issued certain policies and procedures by the Defendant.

76. The Defendants violated the policies and procedures by failing to follow the actual policies in place against discrimination, hostile work environment and retaliation.

77. That as a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

78. Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of her race in violation of Title VII and 42 U.S.C. 1981.

79. That the Defendant, treated the Plaintiff significantly differently based on her race.

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

80.    That the Plaintiff treated African American coworkers more favorably.

81.    That the Defendant's actions towards the Plaintiff violated the law.

82.    That the Defendant is the direct and proximate cause of damage to the Plaintiff.

83.    That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's race, the Plaintiff:

    a.    suffered severe emotional distress;

    b.    suffered future lost wages and future lost benefits;

    c.    suffered economic damages;

    d.    Loss of employment;

    e.    Loss of Future employment;

    f.    incurred attorney fees for this action;

    g.    incurred costs of this action; and

    h.    will incur future attorney fees and costs.

84.    That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

85.    That the Defendant evaluated the plaintiff differently based on her complaints.

86.    That the Plaintiff's employer discriminated against the Plaintiff based on her race complaints.

87.    That the Defendant is the proximate and direct cause of damage to the Plaintiff.

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

88. Pursuant to 42 U.S.C. Section 1981A, Plaintiff also seeks compensatory damages including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

89. Pursuant to 42 U.S.C. Section 1981A, Plaintiff also seeks to recover punitive damages from Defendant for discriminating against Plaintiff with malice or with reckless indifference to Plaintiff's federal protected rights.

90. Plaintiff seek all back pay and fringe benefits to which she is entitled under 29 U.S.C. Section 626(b), as well future damages and liquidated damages under the act.

91. As Plaintiff is seeking damages under 42 U.S.C. 1981A and 29 U.S.C. Section 626(b) Plaintiff also demands a jury trial as to all claims properly tried to a jury pursuant to 42 U.S.C. Section 1981(A)(c)(1) and pursuant to 29 U.S.C. Section 626 (c)(2).

92. Pursuant to 42 U.S.C. Section 1988(c) and 42 U.S.C. Section 2000e-5(k), Plaintiff seeks her attorney's fees in bringing this action, including expert witness fees, and further seeks her costs associated with bringing this action pursuant to 28 U.S.C. 1920 of the Federal Rules of Civil Procedure, along with prejudgment and post-judgment interest pursuant to the law.

## FOR A FIRST CAUSE OF ACTION

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII AND 42 U.S.C. 1981

## AGAINST TRIDENT TECHNICAL COLLEGE, TTC

93. That Paragraphs one (1) through ninety-two (92) are hereby incorporated verbatim.

94. That the Plaintiff was an employee according to the law of the State of South Carolina, Federal Law including but not limited to Title VII and 42 U.S.C. 1981.

95. The Defendants are employers within the applicable State and Federal Laws.

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

96.  The Plaintiff was subjected to differential treatment based on her race.

97.  The Plaintiff was not treated fairly or equally as African American Employees.

98.  That the Plaintiff complained of discrimination based on her race.

99.  That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of her complaints.

100.  As a result of the Plaintiff's complaints regarding discrimination based on her Race, and hostile work environment based on her previous complaints the Defendant retaliated against the Plaintiff.

101.  The Defendant's actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

102.  As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for all of which she should be compensated.

103.  That the Defendant is the direct and proximate cause of injury to the Plaintiff discriminating against her based on her race.

104.  That the Plaintiff is entitled to an award of damages from the Defendant.  That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII and 42 U.S.C. 1981.

## FOR A SECOND CAUSE OF ACTION

## RETALIATION FOR COMPLAINTS REGARDING RACE DISCRIMINATION IN

## VIOLATION OF TITLE VII AND 42 U.S.C. 1981 AGAINST

## **TRIDENT TECHNICAL COLLEGE, TTC**

105.    That Paragraphs one (1) through one hundred and four (104) are hereby incorporated verbatim.

106.    That the Plaintiff participated in a protected act when she reported racial discrimination, racial harassment, and hostile work environment.

107.    The Plaintiff clearly reported the discrimination, harassment, and retaliation she was suffering on several occasions as documented above.

108.    That the Defendant allowed the Plaintiff to be discriminated against based on her race in violation of the Defendant's own policies and procedures.

109.    That the Plaintiff reported the discrimination.  That the Defendant failed and refused to correct the behavior.  That the behavior became worse after the Plaintiff's reports.

110.    The Plaintiff was informed that there was nothing that could be done against her harasser.

111.    That the Defendant allowed supervisors, human resources, and administration to treat African American employees more favorably without repercussions.

112.    That the Plaintiff was constructively discharged from her employment after her complaints. That the Plaintiff was further subjected to worse behaviors after she complained to upper management.  The Plaintiff was clearly bullied as a result of being a Caucasian and performing all aspects of her positions.

113.    That the reasons provided by the Defendants as the reasons for her termination were pretextual and created by others who discriminated against the Plaintiff.

114.    That the Defendant discriminated against the plaintiff based on her race.

115.    That the Defendant took adverse employment action against the Plaintiff by:

(a)    Failing to protect the Plaintiff from a Racially Hostile work environment;

18

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

(b)    Failing to protect the Plaintiff from Discrimination/hostile work environment; and

(b)    Refusing to enforce its own policies concerning discipline of employees engaging in harassing comments.

116.   That the Defendant subjected the Plaintiff to discrimination in violation of the law.

117.   That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of her complaints.

118.   As a result of the Plaintiff's complaints regarding discrimination based on her Race, Retaliation, and hostile work environment based on her previous complaints the Defendant retaliated against the Plaintiff.

119.   The Defendant's actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

120.   As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for all of which she should be compensated.

121.   That the Defendant is the direct and proximate cause of injury to the Plaintiff.

122.   That the Plaintiff is entitled to an award of damages from the Defendant. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII and 42 U.S.C. 1981.

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

## FOR A THIRD CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII AND 42 U.S.C. 1981 AGAINST TRIDENT TECHNICAL COLLEGE, TTC

123.    That Paragraphs one (1) through one hundred and twenty-two (122) are hereby incorporated verbatim.

124.    That the Plaintiff was an employee of the Defendant.

125.    That the Defendant is an employer in accordance with Title VII and 42 U.S.C. 1981.

126.    Each and every action taken by the Defendant's employees instituted a work environment that no reasonable person would subject themselves to.

127.    That the Defendant subjected the Plaintiff to a hostile work environment.

128.    That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

129.    That the Plaintiff was specifically subjected to a sever and pervasive work environment prior to her complaint before June 6, 2024.  However on June 6, 2024 she made her employer aware of the issues and the employer failed and refused to fix her work environment and subjected her to retaliatory hostile work environment for her complaints.

130.    That the actions of hostility were daily, by email, text, conversations, demands for meetings and harassing behavior in meetings.

131.    The Plaintiff was subjected to discrimination based on her Race.

132.    That the Defendant failed and refused to address the situation.

133.    As set forth above, the Plaintiff was harassed on a daily basis by management for her complaints.

134.    Management intentionally and purposefully subjected to a severe and pervasive work environment in retaliation for her complaints.

135.     That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile work environment based on the Plaintiff's Race.

136.     That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendant subjected the Plaintiff to.

137.     That the Plaintiff has been damaged as a result of the Defendant work environment.

138.     That the Defendant is the direct and proximate cause of damage to the Plaintiff.

139.     The Plaintiff is entitled to all damages under the law that are permitted, including actual damages, compensatory damages, consequential damages, punitive damages, attorney fees and costs of pursing this action.

## FOR A FOURTH CAUSE OF ACTION

## TORTIOUS INTERFERENCE WITH A CONTRACT

## AGAINST VERONICA POLITE

140.     That Paragraphs one (1) through one hundred and thirty-nine (139) are hereby incorporated verbatim.

141.     That the Plaintiff was an employee at will with the Defendant, TTC. Employment at will is an inherent implied contract.

142.     The Defendant, Polite, was aware of the Plaintiff's contract for employment and intentionally interfered with that contract by providing false information, intimidation, harassment, bullying, and hostile work environment.

143.     That the Defendant, Polite purposefully published false statements regarding the Plaintiff. Polite intentionally bullied the Plaintiff and her Staff, Falsely reported information to the Defendant, TTC, to interfere with the Plaintiff's employment and facilitate his termination so that Polite would not suffer consequences for her abhorrent behavior.

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

144. That Polite purposefully and intentionally created hostility in order to undermine the Plaintiff's career. Polite intentionally degraded and bullied the plaintiff with inappropriate and unprofessional comments on a daily basis. That Polite set out to intentionally crucify the Plaintiff.

145. That the Plaintiff was terminated from her employment as a result of the interference from Polite.

146. Polite showed no human compassion to the Plaintiff based on her position and performance.

147. Polite went out of her way to ruin the Plaintiff's employment in order to create an escape goat for her own shortfalls.

148. That Polite intentionally interfered with the Plaintiff's Contract to procure the Breach of the Contract.

149. That the sole purpose of Polite was to harm the Plaintiff in retaliation for her reports regarding Polite's failures, violations of the law and policy.

150. That Polite lacked justification for any and all actions taken against the Plaintiff.

151. That Polite is the direct and proximate cause of damage to the Plaintiff.

152. That the Plaintiff is entitled to damages from Polite, in the amount of actual, compensatory, and punitive damages.

<u>**FOR AN FIFTH CAUSE OF ACTION**</u>

<u>**NEGLIGENT SUPERVISION OF AN EMPLOYEE AGAINST**</u>

<u>**TRIDENT TECHNICAL COLLEGE, TTC**</u>

153. Paragraphs one (1) through one hundred and fifty-two (152) are hereby incorporated verbatim.

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

154.    That the Defendant, Trident Technical College, negligently supervised Polite.

155.    The Defendant, TTC, was fully aware of the actions of Polite.

156.    That the Defendant, Polite, owed the Plaintiff a duty to protect the Plaintiff from the wrongful acts of its employees.

157.    TTC failed and refused to protect the Plaintiff and allowed Polite to harass, intimidate, bully and inflict emotional distress on Plaintiff without justification.

158.    At all times, the Plaintiff was an exemplary employee.

159.    That the Defendant, TTC, breached the duty it owed to the Plaintiff by not properly supervising its employees.

160.    That the negligent supervision of these employees caused the Plaintiff significant damages.

161.    That TTC had knowledge of the Defendants' actions of making false statements regarding the employees.

162.    That the Defendant is the proximate and direct cause of damages to the Plaintiff.

163.    That the Plaintiff is entitled to an award of damages from the Defendant for their negligent supervision of their employees in the amount of actual, compensatory, and punitive damages.

## FOR A SIXTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## AGAINST VERONICA POLITE

164.    Paragraphs one (1) through one hundred and sixty-three(163) are hereby incorporated verbatim.

165.    The Defendant Polite's actions against the Plaintiff during her employment were extreme, intentional and inflicted upon the Plaintiff severe mental and emotional distress.

23

166.   That Polite harassed the Plaintiff on a daily basis regarding her operation of the department.

167.   As a result of the actions of the Defendant, Polite, the Plaintiff suffered irreparable injuries, including but not limited to loss of pay, other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which they should be compensated.

168.   That the Defendant, Polite, is the cause of the extreme emotional distress through her actions of harassing the Plaintiff regarding her employment.

169.   That the Plaintiff is entitled to damages from the defendants in the amount of actual, compensatory, consequential and punitive damages for the ridiculous actions against the Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE plaintiff prays that this Honorable Court:

A.  Accept jurisdiction over this matter, including the pendent claim;

B.  Empanel a jury to hear and decide all questions of fact;

C.  Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D.  Award to plaintiff compensatory and consequential damages against the defendant;

E.  Award to plaintiff punitive damages against the defendant for their malicious and spiteful pattern of age and race discrimination;

F.   Award to plaintiff All damages available to the plaintiff damages against the defendant for their malicious discrimination against the plaintiff in violation of the Title VII and 42 U.S.C. 1981;

G.  Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

ELECTRONICALLY FILED - 2024 Nov 21 6:16 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005851

H.  Award all damages available to the Plaintiff pursuant to Federal and State Law;

I.  Permanently enjoin the defendants, their assigns, successors, agents, employees and those

acting in concert with them from engaging in sexual discrimination, disparate treatment or

retaliation against plaintiff and

J.  Enter any other order the interests of justice and equity require.

HUNT LAW LLC

*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
HUNT LAW LLC
4000 Faber Place Drive, Suite 300
North Charleston SC 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709

Dated: November 21, 2024