IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Chantal Hilton,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>Trident Technical College and<br>Veronica Polite,<br><br>　　　　　Defendants. | Case No. 2:24-cv-7719-RMG<br><br><br>**ORDER AND OPINION** |

　　Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that a motion for partial dismissal by Defendant Trident Technical College ("Trident") and motion to dismiss by Defendant Victoria Polite ("Polite") be granted. (Dkt. No. 16). Plaintiff objects to the R&R. (Dkt. No. 17). Defendants replied. (Dkt. Nos. 21, 22). For the reasons set forth below, the Court adopts the R&R as the Order of the Court.

## I.　Background

　　This suit arises from Plaintiff's claims that her employer (Trident) and co-employee (Polite) engaged in employment discrimination against her. Plaintiff brings six claims in her lawsuit: (1) a claim against Trident for race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981; (2) a claim against Trident for retaliation in violation of Title VII and 42 U.S.C. § 1981; (3) a claim against Trident for hostile work environment in violation of Title VII and 42 U.S.C. § 1981; (4) a claim against Polite for tortious interference with a contract; (5) a claim against Trident for negligent supervision of an employee; and (6) a claim against Polite for intentional infliction of emotional distress. (Dkt. No. 1-1 at 16-24). Trident moves to dismiss Plaintiff's claims under 42 U.S.C. § 1981 and her claim of negligent supervision. (Dkt. No. 3). Polite moves to dismiss Plaintiff's claims of tortious inference with a

contract and IIED against her. (Dkt. No. 11). The Magistrate Judge recommends granting both motions. (Dkt. No. 16).

## II.     Legal Standard

### A.  Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B.  Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint

and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

Plaintiff consents to the dismissal of her race discrimination claim under 42 U.S.C. § 1981 against Trident. (Dkt. No. 17 at 1). She objects to the dismissal of her remaining claims, but fails to do so with the specificity required to mandate this Court's *de novo* review of the R&R for all but one of her objections. Rather, Plaintiff seeks to rehash factual allegations made in her Complaint and makes the general argument that "[t]he Magistrate committed errors of Fact and Law by recommending the Plaintiff's claims for Negligent Supervision against Trident and Intentional Infliction Emotional Distress against Polite and Tortious Interference against Polite be dismissed." (*Id.* at 4).

Plaintiff's singular cognizable objection—that "[t]he Court erred in determining that the Plaintiff is not entitled to pursue a claim for Negligent Supervision because the Workers' Compensation Act is the sole remedy"—is unavailing. (*Id.* at 8). As the Magistrate Judge ably

3

noted, "[b]oth federal and state courts in South Carolina have held that state law claims for negligence, including claims for negligent supervision, retention, and hiring, are preempted by the Act." (Dkt. No. 16 at 6) (citing cases). Plaintiff's objection is overruled.

### IV.     Conclusion

In light of the foregoing, the R&R is **ADOPTED** as the Order of the Court. (Dkt. No. 16). Trident's Partial Motion to Dismiss (Dkt. No. 3) and Polite's motion to dismiss (Dkt. No. 11) are **GRANTED**. Plaintiff's Title VII claims against Trident remain.

**AND IT IS SO ORDERED.**


　　　　　　　　　　　　　　　　　　　　　　　_s/Richard Mark Gergel____
　　　　　　　　　　　　　　　　　　　　　　　Richard Mark Gergel
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

May 8, 2025
Charleston, South Carolina